```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA


DOUGLAS HAMMEL AND
MIGNONNE MARY                              CIVIL ACTION

VERSUS                                     NO.  06-7470

STATE FARM FIRE AND                        SECTION "R"(4)
CASUALTY COMPANY


       This order also applies to the following civil action:


ANTHONY COLUMBO, SR. AND                   CIVIL ACTION
ANNA COLUMBO

VERSUS                                     NO.  06-9615

STATE FARM FIRE AND CASUALTY               SECTION "R"(2)
COMPANY
```

## ORDER AND REASONS

Before the Court are motions to remand the above-listed cases. Because these motions concern identical questions of law, the Court has consolidated its ruling in these matters for the sake of efficiency. For the following reasons, the Court GRANTS plaintiffs' motion in Civ. Docket No. 06-7470, and DENIES plaintiffs' motion in Civ. Docket No. 06-9615.

**I.   BACKGROUND**

Plaintiffs are Louisiana property owners who suffered damage to their property during Hurricane Katrina and, as a result, have sued their homeowner's insurance carriers.  In both of these matters, State Farm Fire and Casualty Company ("State Farm") is the only defendant.  Plaintiffs filed their respective actions in Louisiana state court, and defendants then removed them to this Court.  Plaintiffs now seek to remand these matters.  Defendants oppose these motions, asserting that federal jurisdiction is proper pursuant to 28 U.S.C. § 1332.  The parties disagree as to whether the amount in controversy is satisfied under the requirements of Section 1332.  *See* 28 U.S.C. § 1332 (establishing a jurisdictional minimum of $75,000).

**II.  LEGAL STANDARDS**

   **A.   Removal**

A defendant may generally remove a civil action filed in state court if the federal court has original jurisdiction over the action.  *See* 28 U.S.C. § 1441(a).  The removing party bears the burden of demonstrating that federal jurisdiction exists. *See Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995). In assessing whether removal was appropriate, the Court is guided by the principle, grounded in notions of comity and the

recognition that federal courts are courts of limited jurisdiction, that removal statutes should be strictly construed. *See, e.g., Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *Neal v. Kawasaki Motors Corp.*, 1995 WL 419901, at *2 (E.D. La. 1995). The Court must remand the case to state court "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c).

### B.   Amount in Controversy

Under Fifth Circuit law, a removing defendant's burden of showing that the amount in controversy is sufficient to support federal jurisdiction differs depending on whether the plaintiff's complaint alleges a specific amount of monetary damages. *See Allen*, 63 F.3d at 1335. When the plaintiff alleges a damage figure in excess of the required amount in controversy, "that amount controls if made in good faith." *Id.* (*citing St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)). If a plaintiff pleads damages less than the jurisdictional amount, this figure will also generally control, barring removal. *Allen*, 63 F.3d at 1335. "Thus, in the typical diversity case, the plaintiff is the master of his complaint." *Id.*

Here, plaintiffs have filed their respective complaints in Louisiana state court. But, Louisiana law ordinarily does not

allow a plaintiff to plead a specific amount of monetary damages. When, as here, the plaintiff has alleged an indeterminate amount of damages, the Fifth Circuit requires the removing defendant to prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.  *Simon v. Wal-Mart Stores*, 193 F.3d 848, 850 (5th Cir. 1999); *Allen*, 63 F.3d at 1335; *see also De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995).  A defendant satisfies this burden either by showing that it is facially apparent that the plaintiff's claims exceed the jurisdictional amount or by setting forth the facts in dispute supporting a finding that the jurisdictional amount is satisfied. *Allen*, 63 F.3d at 1335.  The defendant must do more than point to a state law that might allow plaintiff to recover more than the jurisdictional minimum; the defendant must submit evidence which establishes that the actual amount in controversy exceeds $75,000.  *See De Aguilar*, 47 F.3d at 1412.  Where the "facially apparent" test is not met, it is appropriate for the Court to consider summary-judgment-type evidence relevant to the amount in controversy as of the time of removal.  *Allen*, 63 F.3d at 1336.

If the defendant meets its burden of showing the requisite amount in controversy, the plaintiff can defeat removal only by establishing with legal certainty that the claims are for less

-4-

than $75,000. *See De Aguilar,* 47 F.3d at 1411-12. In *De Aguilar,* the Fifth Circuit stated that absent a statute limiting recovery, "[l]itigants who want to prevent removal must file a binding stipulation or affidavit with their complaints; once a defendant has removed the case, *St. Paul* makes later filings irrelevant." 47 F.3d at 1412 (quoting *In re Shell Oil Co.,* 970 F.2d 355, 356 (7th Cir. 1992)) (emphasis added). "The general principle is that plaintiffs will have to show that they are bound irrevocably by their state pleadings in these situations." *Id.* at 1412 n. 10. Because Louisiana plaintiffs are not limited to recovery of the damages requested in their pleadings, a plaintiff must affirmatively renounce the right to accept a judgment in excess of $75,000 for his pre-removal state court pleadings and stipulations to bind him. *See* La. Code Civ. Proc. art. 862; *Crosby v. Lassen Canyon Nursery, Inc.,* 2003 WL 22533617 *3 (E.D. La. 2003).

On the other hand, post-removal affidavits or stipulations may be considered only in limited circumstances. If the amount in controversy is ambiguous at the time of removal, the Court may consider a post-removal stipulation, but only to determine the amount in controversy as of the date of removal. *See Gebbia v. Wal-Mart Stores, Inc.,* 233 F.3d 880, 883 (5th Cir. 2000);

*Associacion Nacional de Pescadores v. Dow Quimica de Colombia S.A.,* 988 F.2d 559, 565 (5th Cir. 1993) ([w]hen the affidavit "clarif[ies] a petition that previously left the jurisdictional question ambiguous," the court may consider the affidavit in determining whether remand is proper).  If, however, the amount in controversy is clear from the face of the complaint, post-removal stipulations purporting to reduce the amount of damages plaintiffs seek cannot deprive the Court of jurisdiction.  *Gebbia,* 233 F.3d at 883.  Finally, the Court notes that Louisiana law allows recovery for attorney's fees and penalties when an insurer has been arbitrary or capricious in denying a claim.  Under these circumstances, the Court must consider claims for these items when it assesses the amount in controversy.  *See, e.g., Poynot v. Hicks,* 2002 WL 31040174 at *3 (E.D. La. 2002).

**III. DISCUSSION**

    **A.   06-7470: Hammel v. State Farm**

The only issue before the Court is whether the amount in controversy exceeds $75,000, as required under Section 1332.  *See* 28 U.S.C. § 1332.  As noted, under Louisiana law, a plaintiff ordinarily cannot plead a specific amount of monetary damages.

*See* La. Code. Civ. Pro. art. 893.[1]  However, this does not prohibit a plaintiff from making a general allegation that his or her claim is less than an amount required to establish federal court jurisdiction.  *See id.*

In their complaint, plaintiffs made a general allegation that their "claim does not exceed $75,000."  (R. Doc. 1, Ex. A, ¶ 18).  Plaintiffs allege that Hurricane Katrina rendered their residence uninhabitable because the structure was severely damaged by tornadoes and hurricane force winds.  (*Id.* at ¶ 4). Plaintiffs claim that State Farm wrongfully refused to pay for these damages including loss of use, contents, debris removal, building damage, and damage to the residence caused by rain entering through an opening in the roof.  (*Id.* at ¶ 6). Plaintiffs further allege that State Farm made various

---

[1] Article 893(A)(1) reads, in pertinent part:

> No specific monetary amount of damages shall be included in the allegations or prayer for relief of any original, amended, or incidental demand. The prayer for relief shall be for such damages as are reasonable in the premises except that if a specific amount of damages is necessary to establish the jurisdiction of the court, the right to a jury trial, the lack of jurisdiction of federal courts due to insufficiency of damages, or for other purposes, a general allegation that the claim exceeds or is less than the requisite amount is required . . . .

misrepresentations of its policy provisions, primarily regarding the concurrent causation clause. (*Id.* at ¶ 9). Plaintiffs also seek statutory penalties and attorney's fees under La. Rev. Stat. §§ 22:658 and 22:1220. (*Id.* at ¶¶ 7 and 16).

Because plaintiffs have alleged an indeterminate amount of damages, State Farm must submit evidence which proves, by a preponderance of the evidence, that the amount in controversy exceeds $75,000. *See De Aguilar*, 63 F.3d at 1335. In making this determination, the Court may consider summary-judgment-type evidence, including facts in the removal petition or those set forth in an affidavit or stipulation. *See Allen*, 63 F.3d at 1335-6.

Along with its removal petition, State Farm submitted the sworn affidavit of Van Hoose, a company claim representative. (R. Doc. 1, Ex. B). In support of its position that the amount in controversy requirement has been satisfied, Van Hoose averred that, under plaintiffs' rental dwelling policy, there remained $256,721.82 available for coverage due to losses to the dwelling, and $13,045 for personal property loses.[2] (*Id.*) In a claim

---

[2] This policy provided coverage limits of $262,726 for losses to the dwelling; $13,045 for losses of personal property; and, for all loss of rents. Pursuant to this policy, State Farm has paid plaintiffs $6,004.18 for damages to the dwelling itself.

based on recovery under an insurance policy, the value of the *claim* is determinative, not the value of the underlying policy. *Hartford Ins. Grp. v. Lou-Con Inc.*, 293 F.3d 908, 911 (5th Cir. 2002) (declaratory judgment action); *see also Sea Trek, Inc. v. Sunderland Marine Mut. Ins. Co.*, 1995 WL 442062 at *1 (E.D. La. 1995) (calculating the amount in controversy based on receipts and affidavits as to actual damages suffered). Here, there is no indication in the petition that plaintiffs seek to recover the full value of their policy. Accordingly, the Court finds that the value of the policy is not dispositive as to the actual amount in controversy.

However, after plaintiff filed their motion to remand, State Farm submitted a demand letter written by counsel for plaintiffs approximately one and a half months before plaintiffs filed this action.[3] (R. Doc. 11, Ex. 1). In this letter, plaintiffs' counsel asserts that the total damage to plaintiffs' residence was valued at $86,800. (*Id.* at 7-8). This demand did not include statutory penalties and attorney's fees, which plaintiffs seek in their lawsuit. (*See id.* at 6). At the end of the demand letter, plaintiffs offered to settle the dispute with State Farm

---

[3] The demand letter was written on July 14, 2006. Plaintiffs filed suit in state court on August 29, 2006.

for $70,000.  (*Id.* at 10).

Initially, the Court must determine whether such evidence is admissible and therefore can be considered by the Court.  Fed. R. Evid.408(a) provides that:

> Evidence of the following is not admissible on behalf of any party, when offered to prove liability for, invalidity of, or amount of a claim that was disputed as to validity or amount, or to impeach through a prior inconsistent statement or contradiction:
>
> (1) furnishing or offering or promising to furnish--or accepting or offering or promising to accept--a valuable consideration in compromising or attempting to compromise the claim; and
>
> (2) conduct or statements made in compromise negotiations regarding the claim, except when offered in a criminal case and the negotiations related to a claim by a public office or agency in the exercise of regulatory, investigative, or enforcement authority.

Several courts have held that this rule does not prohibit the use of a settlement offer as relevant evidence to determine the amount in controversy so long as it appears to be a reasonable estimate of the plaintiff's claim.  *See, e.g., Cohn, D.V.M. v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002)(surveying cases holding the same); *see also Wilson v. Belin*, 20 F.3d 644, 651 n.8 (5th Cir. 1994)(rejecting plaintiff's argument that the amount in controversy requirement was not met "[b]ecause the record contains a letter, which plaintiff's counsel sent to defendants

stating the amount in controversy exceeded $50,000"). In *Cohn*, the court rejected the argument that Rule 408 prohibits the use of settlement offers to determine the amount in controversy, reasoning that Rule 408 disallows the use of settlement offers only to prove "liability for or invalidity of the claim or its amount." *Id.* at 840 n.3. The court agreed with the district court's finding that Rule 408 was "inapplicable because this evidence was not offered to establish the amount of [defendant's] liability, but merely to indicate [the plaintiff's] assessment of the value of the trademark." *Id.*

The Court therefore finds that Rule 408 does not foreclose consideration of plaintiff's demand letter to determine the actual amount in controversy.[4] As noted above, plaintiffs valued the damages to their residence at $86,800, but made an offer to State Farm to settle the dispute for $70,000. The Fifth Circuit has stated that a "plaintiff's settlement offer is ordinarily less than the damages the plaintiff expects to receive if

---

[4] In doing so, the Court takes note of the Fifth Circuit's unpublished opinion in *Pollet v. Sears Roebuck and Co.*, 46 Fed. Appx. 226, n.5 (5th Cir. 2002). In *Pollet*, the court disallowed the use of *post-removal* settlement demands because "the damages we may consider include only those damages claimed at the time of removal." *Id.* at p.2 (emphasis added). The Court, however, finds the instant case distinguishable because plaintiffs made their demand *pre-removal*, and therefore this evidence is relevant to determine the damages claimed at the time of removal.

victorious at trial, because the offer is obviously discounted by the risk of an outright loss at trial." *Kliebert v. The Upjohn Co.*, 915 F.2d 142, 145 (5th Cir. 1990), *vacated for reh'g en banc,* 923 F.2d 47 (5th Cir. 1991), *appeal dism'd per stipulation of settlement*, 947 F.2d 736 (5th Cir. 1991) (although not binding, this precedent is persuasive nonetheless). As a result, the Court finds that plaintiffs' settlement offer does not necessarily limit the amount in controversy to $70,000. Rather, the amount in controversy could also be plaintiffs' own valuation of the damages sustained to their residence – $86,800.[5]

Defendants thus can show by preponderance of the evidence that the amount in controversy exceeds $75,000. At this juncture, Plaintiffs must show with legal certainty that their claims are for less than $75,000 if the Court is to remand this action. Plaintiffs have submitted a sworn affidavit in which they state that "[t]he total sum or value in controversy in this cause of action does not exceed $75,000.00, exclusive of interest and costs." (R. Doc. 8, Ex. E, ¶ 2). In their affidavit, plaintiffs further state that "[t]he total damages sought by us in this cause of action does not exceed $75,000.00, exclusive of

---

[5] The Court also notes that this amount fails to take into account any statutory penalties and attorney's fees that plaintiffs requested in their demand letter and petition for damages. As a result, the amount in controversy is even greater than $86,800.

12

interest and costs.  (*Id.* at ¶ 3).  Most importantly, the plaintiffs aver in their affidavit that "[n]either our lawyer nor we will accept an amount that exceeds $75,000.00, exclusive of interest and costs."  (*Id.* at ¶ 4).  State Farm, on the other hand, argues that plaintiffs' later filing of this affidavit is irrelevant once this matter was properly removed to this Court.  (R. Doc. 11, p.2).

Under current Fifth Circuit law, "the jurisdictional facts that support removal must be judged at the time of removal." *Gebbia*, 233 F.3d at 882.  A court may only consider a post-removal stipulation or affidavit if the basis for jurisdiction is ambiguous at the time of removal.  *Id.* at 883.  When post-removal stipulation or affidavits are utilized solely for the purpose of clarifying a previously ambiguous petition, "the court is still examining the jurisdictional facts as of the time the case is removed, but the court is considering information submitted after removal."  *H&D Tire and Automotive-Hardware Inc. v. Pitney Bowes Inc.*, 250 F.3d 302, 306 n.7 (5th Cir. 2001)(citations omitted).  In such instances, consideration of post-removal affidavits does not violate the Supreme Court's decision in *St. Paul*.  *Id.*

Here, the Court finds that plaintiffs have met their burden of showing with legal certainty that their claims are for less than $75,000.  First, the Court may consider plaintiffs' post-

13

removal affidavit because their complaint was ambiguous at the time of removal given that it merely stated that damages did not exceed $75,000. In this affidavit, plaintiffs have undoubtedly agreed to limit their damages by averring that "neither our lawyer nor we will accept an amount that exceeds $75,000." (R. Doc. 8, Ex. E, ¶ 4). As a result of this statement, the Court finds that plaintiffs have established, as a matter of law, that they are precluded from recovering any damages above this amount. *See Arnold v. State Farm Fire and Cas. Co*, 277 F.3d 772, 776 (5th Cir. 2004)[6]; *see also Blaylock v. Mutual of New York Life Ins. Co.*, 228 F.Supp.2d 778, 786 (S.D. Miss. 2002)(finding that remand was warranted where plaintiffs irrevocably agreed in a post-removal affidavit to cap their respective damages demand at $74,999); *Brooks v. Pre-Paid Legal Servs., Inc.*, 153 F.Supp.2d 1299, 1300-01 (M.D. Ala. 2001)(examining other cases in which courts have given effect to binding, post-removal stipulations). The court additionally finds that plaintiffs "post-removal affidavits merely 'clarified' their claims at the date of filing

---

[6] In *Arnold*, the Fifth Circuit noted the following:

> The district court fortified his ruling with reliance on post-removal affidavits by [the plaintiffs]. We agree with the judge's views that the affidavits preclude [the plaintiffs] from seeking damages in excess of that amount in state courts either as a judicial admission, judicial estoppel or a matter of preclusion. *Id.* at 776 n.3 (citations omitted).

and did not impermissibly attempt to reduce those claims solely to compel remand." *Arnold,* 277 F.3d at 776 n.3, *citing, De Aguilar*, 47 F.3d at 1404.  The Court, therefore, concludes that plaintiffs have met their burden of showing with legal certainty that their claims are for less than $75,000 and therefore remand is warranted.

<u>Multiparty, Multiforum Trial and Jurisdiction Act</u>

   Because the Court finds that State Farm has failed to meet its burden of establishing diversity jurisdiction, the Court must address State Farm's alternate basis for removal.  In its notice of removal, State Farm asserts that removal is likewise proper under the Multiparty, Multiforum Trial and Jurisdiction Act of 2002 because there exists minimal diversity and because Hurricane Katrina constitutes an accident as contemplated by 28 U.S.C. § 1369(a), therefore conferring original subject matter jurisdiction over this action.  Alternatively, State Farm contends that removal is proper under 28 U.S.C. § 1441(e)(1)(b) because it is a party to several cases that were brought or could have been brought directly into federal court under § 1369(a).  The Court has thoroughly addressed these same arguments in previous cases and finds no reason to reach a different result here.  *See, e.g., Nguyen v. ANPAC Louisiana Ins. Co.*, 2006 WL 3714500 (E.D. La. Dec. 11, 2006) (order granting motion to

15

remand); *Wood v. State Farm Fire & Casualty Co.*, Civ. Docket No. 06-2570 (E.D. La. Oct. 24, 2006) (same). The Court therefore adopts its reasoning in *Nguyen* and *Wood* and holds that the MMTJA does not give it jurisdiction over this matter.

### B.   06-9615: Columbo v. State Farm

In their complaint, plaintiffs allege damages pursuant to Louisiana's Valued Policy Law, La. Rev. Stat. § 22:695. (R. Doc. 1, Ex. A, ¶¶ 27-8). Plaintiffs allege that they have suffered a "total loss" as defined under this provision and therefore are entitled to the face value of their homeowner's policy. Neither plaintiffs nor State Farm provide any evidence as to the actual face value of plaintiffs' policy in the petition for damages or in the notice of removal.[7] The Court finds that it is not "facially apparent" from the complaint that plaintiffs' claims exceed the jurisdictional amount. *See Allen*, 63 F.3d at 1335.

Because the facially apparent test has not been met, the Court can consider summary-judgment-type evidence to determine the amount in controversy at the time of removal. *See id.* at 1336. Here, State Farm has since introduced a "Certificate of

---

[7] State Farm alleged in their notice of removal that "[t]he policy limits are: Dwelling - $90,731.00, Contents - $68,048.00, Dwelling Extension - $9,073.00 and ALE - actual loss sustained." (R. Doc. 1, § 8). However, State Farm failed to provide any evidence to support this statement, therefore the Court cannot rely on conclusory allegations.

Coverage" which verified that plaintiffs' maximum dwelling protection at the time of Hurricane Katrina was in fact $90,731. (R. Doc. 11, Ex. B). State Farm has paid plaintiffs $2,424.24 under their homeowner's policy. (R. Doc. 1, Ex. A, § 6). Because plaintiffs seek the full value of their homeowner's policy under Louisiana's Valued Policy Law, the Court finds that the actual amount in controversy is at least $88,306.76.[8] As a result, the court concludes State Farm has met its burden of proving that the actual amount in controversy exceeds $75,000.

Despite State Farm's unrebutted "Certificate of Coverage," plaintiffs allege that the actual amount in controversy is much less than the jurisdictional amount. In support of their argument, plaintiffs have introduced a contractor's estimate of the wind damage to their home. The contractor estimated the wind damage at $17,234.99 (R. Doc. 6, Ex. A, p. 12), while the plaintiffs' themselves have estimated their personal property loss at approximately $40,000. (R. Doc. 6, p. 2). Accordingly, plaintiffs allege that the actual amount in controversy is no more than $57,234.99, and therefore this matter should be

---

[8] The amount in controversy was calculated by taking the full value of the policy ($90,731) and subtracting the amount already tendered to plaintiffs ($2,424.24). The Court further notes that the amount in controversy also fails to take into account plaintiffs' contents coverage ($68,048) or dwelling extension coverage ($9,073). (R. Doc. 11, Ex. B). As such, the actual amount in controversy is even greater.

17

remanded.  (*Id.*)

Even assuming that plaintiffs only seek $57,234.99 in damages, the Court nevertheless finds that the amount in controversy could still exceed $75,000 because of plaintiffs' claims for statutory penalties and attorney's fees.  Under Section 22:1220, an insurer that fails to pay a claim upon satisfactory proof of loss is subject to "penalties in an amount not to exceed two times the damages sustained or five thousand dollars, whichever is greater," if its failure was arbitrary and capricious.  La. Rev. Stat. § 22:1220; *see Hannover Corp. of America v. State Farm Mutual Auto. Ins. Co.*, 67 F.3d 70, 75 (5th cir. 1995) (holding that a plaintiff must show damages arising from the breach to recover any more than $5,000).  Under section 22:658, the insurer is subject to a penalty, "*in addition to the amount of the loss*" of twenty-five percent of the amount due under the policy, or $1,000, whichever is greater, whenever it arbitrarily, capriciously, or without probable cause fails to pay within 30 days of satisfactory proof of loss.  La. Rev. Stat. § 22:658 (emphasis added).

Here, even assuming that plaintiffs cannot prove damages arising from State Farm's breach of the insurance contract, plaintiffs can still recover $5,000 pursuant to section 22:1220.  *See Hannover Corp.*, 67 F.3d at 76 (holding that a claimant can

nonetheless recover the maximum $5,000 penalty even if he or she is unable to demonstrate damages arising from the insurer's breach). In addition, the twenty-five percent penalties under section 22:658 would amount to $14,308.75. Based on these calculations, the total amount in controversy is $76,543.74. Accordingly, even based on plaintiffs' own damage estimate of $57,234.99, the amount in controversy still exceeds the $75,000 threshold requirement necessary for diversity jurisdiction. *See* 28 U.S.C. § 1332. The Court, therefore, finds that it has jurisdiction over this matter and, consequently, denies plaintiffs' motion to remand.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS plaintiffs' motion to remand in Civ. Docket No. 06-7470, and DENIES plaintiffs' motion in Civ. Docket No. 06-9615.

New Orleans, Louisiana, this __14th__ day of February 2007.

_____
SARAH S. VANCE
UNITED STATES DISTRICT COURT